THOMAS DAVIS vs. FRANCIS HOY.

, Washington:
February,
1827.

The plaintiff having agreed with the defendant for a loan of money, with an understanding that the interest was to be after the rate of twenty per cent. procured one G. W to execute with him a joint and several note for the amount. The debt and interest at 20 per cent. was afterwards paid by G. W. in consequence of an arrangement with the plaintiff—the plaintiff having had the sole use of the money: all which transactions were previous to the passage of the act of 12th Nov. 1822: *Held*—1. That an action of indebitatus assumpsit well lay to recover back the usury so paid. 2. That the action was well brought by the borrower, without joining the co-obligor, his surety. 3. That the co-obligor was a competent witness for the plaintiff.

Non-assumpsit and the statue of limitations being pleaded, and both issues joined to the country, but no evidence being given on the trial tending to support the latter plea, and the jury having returned a verdict on the general issue, without noticing the bar, *Held*, that it was competent for the Court, afterwards, on motion, so to amend the verdict as to embrace both issues.

THIS was an action for money had and received, tried at the last April term of the county court, and the case comes before this court upon exceptions taken by the defendant to the opinion of that court in admitting the testimony of a witness, and also in the charge to the jury.

It appeared from the case, that the action was brought to recover a sum of money paid to the defendant upon an usurious contract, over and above the legal interest, and that upon the trial the plaintiff offered *George Worthington* as a witness, who was objected to by the defendant as incompetent, and who, under the *voire dire* oath, testified that the plaintiff, on the 11th January, 1820, borrowed of the defendant $700----that the witness signed a joint and several note with plaintiff to defendant for that sum; witness took the money and paid it over for plaintiff to *Abner Forbes*, upon a mortgage; said he had no interest in the event of this suit, and is not entitled to any thing if the plaintiff recovers, nor liable for costs. That on the 27th August, 1822, the plaintiff and witness, having renewed the note before that time, again renewed it, giving one for 1,111 dollars and 60 cents; soon after, the witness, upon a contract with the plaintiff, assumed the debt and paid it. Upon this evidence the court overruled the objection and admitted the witness, who testified that the plaintiff, in January, 1820, informed the witness that he could obtain a loan of 700 dollars of the defendant, if the witness would sign with him; he heard no bargain between the parties about the rate of interest, but understood by plaintiff it was 20 *per cent.* The witness signed the note with *Davis* on the 11th January, 1820, for 700 dollars, received and paid the money as before stated. Afterwards the plaintiff, defendant and witness were together, and a new note was given for rising 800 dollars; and the interest was cast at 20 per cent. On the 27th August, 1822, under like circumstances, another note was given for $1,111 60, and the interest was again cast at 20 per cent.; which note contained nothing but the principal of 700 dollars and the interest as cast from time to time. The defendant did not direct the interest cast at 20 per cent.; the witness cast it at that rate, understanding from the plaintiff that he had so agreed;----thinks the defendant

*Washington.*
*February,*
*1827.*

Davis
*vs.*
Hoy.

cast the interest also. The defendant did not use any threats, or attempt to take any advantage of the plaintiff. Soon after the execution of the note of $1,111 60, the witness agreed with the plaintiff to pay it himself, and did pay the whole sum to the defendant on the 21st February, 1823. Upon this testimony the defendant insisted, and requested the court to charge---- That the action should have been brought in the name of *Davis & Worthington*, and could not be maintained in the name of *Davis* alone----That assumpsit will not lie at common law, and that the only remedy is by action under the statute for the penalty----That, the payment being *voluntary*, a recovery cannot be had. The court charged the jury, that if they found the $700 was borrowed by Davis, and used for his sole benefit, and *Worthington* signed only as surety, the action was correctly brought by *Davis* alone----That if the defendant had received more than six *per cent.* interest, as contended by the plaintiff in this case, the defendant could not retain it, and the plaintiff would be entitled to recover, &c. The court further charged the jury, that if they believe there was such loan of 700 dollars, upon a contract of the plaintiff's paying 20 *per cent.* interest, and the defendant had received the money upon that mode of computation, this action was well supported for the excess beyond six *per cent.* the defendant having a right to retain interest upon interest from the respective times of changing the notes.

The defendant having pleaded non-assumpsit and *non-assumpsit infra sex annos*, and both issues being joined to the country, the trial proceeded, but no evidence being given to the jury tending to support the latter plea, they returned a verdict for the plaintiff on the general issue, without noticing the plea in bar. The court, at a subsequent day in the term, on motion of the plaintiff, ordered the verdict to be so amended as to embrace both issues.

The defendant's exceptions embraced the decision of the court admitting the witness, *Worthington*, their instructions to the jury, and their order amending the verdict.

*Upham*, in support of the motion for a new trial. We insist, 1st, That *Worthington* ought not to have been admitted to testify in the case. He disclosed, upon his *voire dire* oath, that he signed the note jointly and severally with *Davis* to *Hoy*. The money, however, he said was applied to the payment of *Davis's* debts. This last fact, we apprehend, cannot alter the case. *Hoy* contracted with them jointly; as it respected him they were both principals. Should any question arise between *Davis* and *Worthington* concerning this money, *Worthington* might show by parol that he signed as surety, and that *Davis* had all the money : but as it respected *Hoy*, they were joint contractors, and parol evidence ought not to have been admitted to prove that one was principal and the other surety.----*Dehuff* vs. *Taribotts*, 3 *Yates' R.* 160.----*Hunt* vs. *United States*, 1 *Gall.* 33.----*Starkie's Ev.* 1381, *n.* 1---*Ib.* 1390. Again, it is a rule, that no

man shall be allowed to defeat, by his testimony, a security to which he has given credit as a party. Worthington was a party to the note, and ought not to have been admitted as a witness to prove it usurious.---*Churchill* vs. *Luler*, and the cases above cited, 4 *Mass.* 162.---7 *Mass.* 199.

*Washington*,
February,
1827.

Davis
vs.
Hoy.

2d. If we are correct in the position that *Worthington* ought not to have been admitted as a witness in the case, on the ground that he was a joint contractor with *Davis* for the loan of this money, it follows, as a necessary consequence, that he should have been made a party to this action ; *Davis* cannot recover back this money in his own name.

3d. The common law actions of assumpsit will not lie in this case. The action should have been brought upon the statute, which prohibits the taking of more than 6 per cent. and gives a remedy to the party aggrieved. Where a statute gives a party a right to a benefit, and furnishes no remedy, the common law, for effectuating the purposes of the statute, interposes and furnishes a remedy suited to the case. But where a particular and specified remedy is prescribed by the statute, as in this case, the statute remedy must be pursued.---*Smith* vs. *Drew*, 5 *Mass. R.* 514.---*Gedney* vs. *Inhabitants of Tewksbury*, 5 *Mass. R.* 307.---*Bigelow* vs. *Cambridge & Concord, T. Co.* 7 *Mass. R.* 202.----*Andover & Medford T. Co.* vs. *Gould*, 6 *Mass. R.* 40.----*Franklin Glass Co.* vs. *White*, 14 *Mass. R.* 286.---*Hinsdale* vs. *Larned et. al.* 16 *Mass. R.* 70.

The statute of 1822 expressly gives the action of assumpsit for money had and received, to recover back the usury paid. From this it would seem that the action would not lie at common law. The legislature would not have given the action by the statute, if it would have been supported upon common law principles.---*Vide Stat. p.* 162, *sec.* 2.

4th. The payment, under the circumstances of this case, was a *voluntary* one, and the money cannot be recovered back in this action. The bill of exceptions contains no evidence of an agreement between Hoy and Davis, that the former should loan the latter $700, at 20 per cent. interest. Worthington, the only witness in the case, says he heard no agreement between Hoy and Davis respecting the rate of interest ; all his information upon the subject was derived from Davis alone, and ought not to have been received as evidence in the case. The declarations of a party, that he has agreed to pay 20 per cent. interest. or has actually paid it, cannot be received as evidence in an action in his favour to recover back the usury so paid. That part of Worthington's testimony, therefore, relating to the statements of Davis, that he had agreed to pay 20 per cent. interest for the loan, should be laid out of the case, and the county court ought so to have directed the jury. Worthington further testified that Hoy did not direct the cast at 20 per cent. or say any thing about the rate of interest at the time of the cast. He cast it at 20 per cent. because Davis had formerly told him that he had agreed to pay that interest.

39

*Washington.*
*February,*
*1827.*

Davis
vs.
Hoy.

Hoy claimed no agreement of the kind, made use of no threats to induce Davis to direct the cast at 20 per cent. nor did he attempt to take any advantage of his embarrassed circumstances. For aught apparent upon the bill of exceptions, it was a *voluntary* act on the part of Davis, uninfluenced by any contract previously made between himself and Hoy. Worthington, it seems, assumed the debt upon himself, and on the 21st day of February, 1823, *voluntarily* paid it.

Upon these facts we insist the plaintiff cannot recover. It is a settled principle of the law, that where a party *voluntarily* pays a claim which he knows to be unfounded, in whole or in part, he cannot recover it back in this action. The payment should have been resisted.—*Knibbs* vs. *Hall,* 1 *Esp. Cas.* 84.—*Brown* vs. *McKillany,* 1 *Esp. Cas.* 279.—*Marriot* vs. *Hampton,* 2 *Esp. Cas.* 546.—*Cartwright* vs. *Bowley,* 2 *Esp. Cas.* 723.—*Fisher* vs. *Sanverda et. al.* 1 *Campbell's R.* 190.—*Bilboe* vs. *Lumley, et. al.* 2 *East.* 469.—*Holmes* vs. *Avery,* 12 *Mass. R.* 134.—1 *Mass.* 67.

5th. If it were clear from the testimony that the loan was obtained upon a contract to pay 20 per cent. interest, the plaintiff cannot recover. The $1,111 note contained nothing but the original loan of $700, and the interest thereon, at the rate of 20 per cent. It could have been, and should have been defended for the overplus.—*Vide authorities before cited.*

Again, if the contract were usurious, the money was *knowingly* paid upon an illegal consideration, and cannot be recovered back.—*Tompkins* vs. *Bernet,* 1 *Salk.* 22.

6th. The defendant, as appears upon the record, plead, 1st, *Non assumpsit;* 2d, *Non assumpsit infra sex annos;* both issues were joined to the country. The jury found the first only, and returned a verdict thereon for the plaintiff. Some days after the verdict, the plaintiff discovered that the jury had not found the second issue; he moved the court to amend the verdict so as to include both issues for the plaintiff.—To this amendment the defendant objected. The court overruled the objection, and ordered the amendment, to which the defendant excepted. In this decision of the court in so amending the verdict, we contend there was error.

*Baylies,* contra. The first objection is to the competency of the witness. In deciding this question, the only inquiry is, does he gain or lose by the event of this suit? His name being to the note as surety, is no legal objection. I admit, however, that it was decided in the case of *Walton* vs. *Shelley,* 1 *T. R.* 296, that a person is not a competent witness to impeach a security which he has given, though he is not interested in the event of the suit. But this decision is overruled in *Jourdaine* vs. *Lashwood,* 7 *T. R.* 601. In Massachusetts they have adopted a rule repugnant to the common law, which is, that in no case a party to a *negotiable* instrument shall be a witness to show it void at its creation. (11 *Mass.* 368.) But they have decided that if the instrument is not negotiated, a *surety* may be a witness. (16 *Mass.* 118.) In New-York they have decid-

*Washington.*
*February,*
*1827.*

Davis
*vs.*
Hoy.

ed according to the rule in 11 *Mass.* (14 *Johns. R.* 270, and cases referred to.) But they now seem to be departing from the rule. (17 *Johns. R.* 176, 188.---18 *Johns. R.* 167.) In Connecticut they have not adopted such rule.. (1 *Con. Rep.* 260.) Nor have we adopted it.---But in all the cases in Massachusetts and New-York where the witness has been excluded, the action was brought on the negotiable instrument itself, and not where it came up incidentally ; for there the witness would not be excluded. (2 *J. C. R.* 192.) It does not appear from the case that Davis's and witness's note to Hoy was *negotiable ;* so the rule in Massachusetts and New-York would not apply if the count was on the note itself.

2. It is contended, that as Worthington and Davis executed their joint and several note for the $700, the action should have been brought in the name of both, and not in the name of Davis alone.

It appears from the evidence that Davis was the sole borrower of the $700, and the whole sum was applied in the payment of his debt to Forbes, and Worthington signed only as *surety.* It also appears that Davis furnished Worthington with funds to pay the $1,111 60 ; that is, witness was owing Davis, and agreed to pay this note for Davis. Then the usury paid to Hoy *is money had and received* for the use of Davis, and not for the use of Worthington, so the action is rightly brought. "In a *qui tam* action for usury, the contract may be laid as for a forbearance to A alone, who was the real debtor, although B had joined with him in the security given to the lender."----*Waid, qui tam,* vs. *Wilson,* 1 *East.* 195. This authority shows that the *surety* has no interest, nor is he to be noticed in the suit.--- See 2 *T. R.* 366, *Stratton* vs. *Rastell et. al.*

3. It is also contended, "That *assumpsit* will not lie for this money as at common law, but if any action will lie, it must be for the penalty given by the statute."

4. "The payment was *voluntary,* and the money cannot be recovered back, but the payment should have been resisted in the first instance."

*Assumpsit* lies where natural justice, under the circumstances of the case, obliges the defendant to refund the money. Of the application of this principle, the following particulars are given : money paid by *mistake ;* money *paid upon a consideration which happens to fail ;* money got through *imposition,* or by *extortion,* or by taking an *undue advantage* of the plaintiff's situation, contrary to laws made for his protection.----2 *Burr.* 1005.----2 *Esp. N. R.* 548, *note.*

*Lord Mansfield* says, an action for money had and received is an equitable action, and founded on conscience under the particular circumstances of the case. (*Cowper,* 116.) He also says it is analogous to a bill in equity. (*Cowper,* 795.)

But in every one of the aforesaid instances, where it is said assumpsit will lie for *money had and received,* in one sense it may be said the money was voluntarily paid by the plaintiff to

*Washington.*
*February,*
*1827.*

Davis
*vs.*
Hoy.

the defendant; that is, the plaintiff *willed* to pay it under the existing circumstances of the case. In this sense, we may say every borrower of money, who pays *usury* to the lender, pays it *voluntarily*, and at the same time there is an *undue advantage* taken of his situation. The law will presume this advantage taken of the borrower, in every instance where the lender receives usury; therefore, the usurer cannot protect himself by saying the borrower *voluntarily* paid. There is, however, such a thing as a *voluntary* payment of money, which the law says shall not be recovered back. But in every such instance found in the books, the payment was made without *mistake*, and without *imposition* or *extortion*, or an *undue advantage* taken of the plaintiff's situation, contrary to laws made for his protection. Then the payment of usury to Hoy cannot in a legal sense be called *voluntary*, for it was received in violation of a positive statute, made for the protection of Davis, the borrower. *Ord on Usury, p.* 116, says, the law imposes heavy penalties on both the lender of money upon usurious contracts, and the brokers, but does not subject the borrower to any punishment. It has been sometimes said, that the borrower is *particeps criminis;* (*Salk.* 22)----yet that doctrine has been justly exploded, in as much as necessity compels him to enter into and comply with the terms of the contract; and it would be injustice to punish him, who acts through compulsion, and whom the statutes are made to protect.----*See* 8 *East.* 378.

Our statute of 1797 says, "That no person or persons, upon any contract hereafter to be made, shall receive or take, directly or indirectly, more than the value of six dollars for the forbearance of one hundred dollars for a year, and so after that rate for a greater or less sum, or for a longer or shorter time." Then comes a penalty; but the prohibition and penalty affect only the lender. The borrower is not prohibited giving more than six per cent. nor is he liable to the penalty if he do. The penalty is to be recovered in a *qui tam* action. Our statute may be compared with the English statutes against usury. The 37 *Hen. VIII. ch.* 9, and 13 *Eliz. ch.* 8, prohibited taking more than £10 on £100, interest, per annum, under severe penalty, to be recovered in a *qui tam* action. The 12 *Anne, stat.* 2, *ch.* 16, prohibits taking more than £5 interest on £100, per annum, under a penalty of £20, to be recovered in a *qui tam* action.

Neither the English statutes nor our own say a word about an action *for money had and received* being sustained by the borrower to recover back *usury* which has been paid; such action, if it exists at all, is at common law. It has long been settled, that a bill in chancery will lie to recover money overpaid on a usurious contract. In 2 *Johns. Ch. R.* 191, *Kent,* Chancellor, says---"There is no doubt that this court will order a defendant to account for monies overpaid in pursuance of an usurious contract. This was done in the case of *Bosanquet* vs. *Dashwood*--- (*Cas. Temp. Talbot,* 37.)"

If a bill in chancery will lie in case of usury paid, then an action of assumpsit *for money had and received* may be sustained; for this action is analogous to a bill in chancery, founded on equitable principles, as has been shown.   There are precedents showing that *assumpsit for money had and received* will lie to recover back what is overpaid.---*Smith* vs. *Bromley, Doug.* 696, *n.* ---*Selwyn,* 75.---8 *East.* 378.---1 *Esp. Dig.* 4.

The statute of 1797 being repealed makes no differance, so long as it was in force when the contract was made, and the usury was taken.---1 *H. Blac.* 65.

5.   It is contended the court erred in amending the verdict. The general issue of *non-assumpit* and the statute of limitations were pleaded.   But the special plea on the statute of limitations was waived in argument: no notice was taken of it by the counsel, nor by the jury who found the general issue for the plaintiff.   Then, on motion of the plaintiff, the verdict was amended so as to find both issues for the plaintiff.   There was not the shadow of evidence to support the special plea.   This amendment is supported by precedents.---*See* 3 *Term Rep.* 659. ----1 *Bos. & Pul.* 329.

SKINNER, Ch. J. delivered the opinion of the Court.   After reciting the facts appearing in the exceptions, as above stated, he proceeded as follows :----As to the competency of the witness, *Worthington,* there is no rule of law that would exclude him merely on the ground that he was holden jointly and severally with *Davis* for the debt.   If he is incompetent, it must be on the ground of *interest,* or on the ground that his *name is upon the note.*

The principle contended for, as having been settled in the case of *Walton* vs. *Shelley,* 1 *Term Rep.* 296, that no party who has signed a paper shall be permitted to give testimony to invalidate it, has not been adopted here, but, on the contrary, has been held untenable by the Court on this circuit, in the case of *Nichols* vs. *Holgate et. al.* (a)

The reason assigned for that rule, is, that a party to an instrument gives credit to it, and no man shall hold out false colours to deceive others, by first affixing his signature, and afterwards giving evidence to invalidate it.   If the principles assumed in that case are correct, they are not analogous to the question here presented.   *Worthington* is not called to testify to the prejudice of one who may have been deceived by false colours, in receiving an instrument which he supposed to be valid.   This exception, therefore, is not well founded ; and we have no less difficulty in discovering any objection on the ground of interest.   The jury have found that the money was loaned exclusively for the benefit of *Davis ;* that *Worthington* was only surety, and paid the money for *Davis,* who accounted to him for it.

Surely *Worthington* has not been prejudiced, having received of *Davis* the full amount paid to *Hoy,* and can have no interest in any recovery that may be had.

*Washington,* February, 1827.

Davis vs. Hoy.

(a) *Ante.* p. 138.

Davis
*vs.*
Hoy.

The exception, that the suit cannot be maintained by *Davis* alone, but should have been brought in the name of *Davis* and *Worthington,* seems to be fully answered in the question of interest. If *Worthington* has no interest in that which is sought to be recovered in the suit, if the consideration did not move from him, but from *Davis* solely, he cannot legally be joined. These facts appeared in testimony, the jury have found them, and the charge of the court thereon was correct. The counsel for the defendant further insists, that if any action can be maintained, it must be an action under the statute for the penalty; that the statute forbids the taking more than six *per cent.* interest, and gives a remedy to the party aggrieved.

It is true, where a statute creates a right that did not exist at common law, and provides a specifick remedy, the statute remedy alone can be pursued.—1 *Saunders'* (*Williams'* edition,) 135-6, *n.* 4.

But it is to be noticed, that the statute of 1797, which forbids the taking of more than 6 per cent. interest, gives no remedy to the party aggrieved. It imposes a penalty, to be sued for and recovered in a *qui tam* action, by any one who may prosecute, or by the publick alone.

No part of the statute of 1822 took effect till after the act here complained of transpired; it is therefore unnecessary to consider any of its provisions, excepting that as it is urged that the legislature having in that statute expressly authorized an action by the party to recover the usurious interest, it is to be inferred that no such right existed at common law.

The decision in this case must be the same as it would have been if the legislature had passed no law on the subject in 1822. It is the prerogative of the legislature to say what the law shall be in future, but of the judiciary to determine what the law was before the will of the legislature was expressed.

The important question in this case is, was the payment by the plaintiff to the defendant made under such circumstances as to preclude him from any remedy at law, to recover the excess of interest so paid over and above the interest allowed by law.

It is a general rule of law, that where a party pays money *voluntarily,* and with a full knowledge of all the facts, he cannot recover it, although the demand was unjust.

It is also a general rule, that where money is paid by one party to another upon an illegal contract, they being *particeps criminis,* an action cannot be maintained, after the contract is executed, to recover the money.

But where money is paid upon a contract forbidden by the law, if the party who pays the money is not *in pari delicto,* it may be recovered, unless opposed by some principle other than that the contract was *illegal.*

If, therefore, the only objection to a recovery in this case is, that the contract, being usurious, was illegal, the money may

be recovered, as the party paying is not considered *particeps*
*criminis.* The law is made not to punish, but to protect him.

That the payment in this case by the plaintiff was in some degree *voluntary*, cannot be doubted. Yet, where money is taken contrary to an express prohibition of the law, made to protect the necessitous, or such as may be considered in the power of others, it is not, perhaps, correct, to say that the act of paying the money is wholly without constraint. The contract itself is clearly in contemplation of law, as well as according to the common understanding of men, imposed upon the borrower, and not voluntary on his part; he is supposed to be in the power of the lender, and he is also usually in embarrassed circumstances, as well when he pays as when he borrows, and if not constrained to pay from a principle of interest alone, a sense of honour may have extorted from him that which in conscience and honour the usurer ought not to retain.

In the case of *Smith* vs. *Bromley, Doug.* 696, *Lord Mansfield* says, if laws calculated for the protection of a subject against oppression or extortion are violated, a recovery may be had ; all above legal interest, equity will assist the debtor to retain, if not paid, or an action will lie to recover back the surplus, if the whole has been paid. *Ashurst,* J. in the same case, says, on a bill to compel the defendant to refund what he has received above the principal, and legal interest, the surplus will be decreed repaid, and that the action at law ought to be sustained ; for no man will venture to take, if he knows he is liable to refund. The same doctrine is held in several other cases in the English books, and has never, to my knowledge, been questioned. The remarks of *Lord Mansfield* in the case of *Browning* vs. *Morriss, Cowp.* 792, it may not be improper to notice. He says, where contracts or transactions are prohibited by positive statute, for the sake of protecting one set of men from another, the one, from their situation and condition, being liable to be oppressed or imposed upon by the other, there the parties are not *in pari delicto.* The statute against usury, he says, is made to protect needy and necessitous persons from the oppression of usurers and monied men, who are eager to take advantage of the distress of others, whilst they, on the other hand, from the pressure of their distress, are ready to come into any terms, and, with their eyes open, not only break the law, but complete their ruin. Therefore, the party injured may bring an action for the excess of interest.

In the case of *Boardman* vs. *Roe*, 13 *Mass.* 164, the same principle is fully recognized by the court.

And we believe principles of policy require that this remedy should be afforded. There can be no doubt, if chancery will lend its aid in this case, which is not denied ; upon the same principle, this equitable action for money had and received will well lie.

The verdict was properly amended by the court, there being no question made on the trial as to the statute of limitations.

*Davis*
*vs.*
*Hoyt*

Judgment must be upon the verdict, according to the rule.

*N. Baylies,* for the plaintiff.

*Wm. Upham,* for the defendant.